■ In the Matter of the Claim of LORENZO RUIZ, Respondent, v. REXON CHEMICAL CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed April 12, 1971, which awarded benefits to claimant upon findings that he sustained an occupational disease and that his resulting disability was causally related thereto. Claimant began working for appellant Rexon Chemical Corp. on January 19, 1961 on a grinding and mixing machine, used in processing

printing inks, and so continued until November 28, 1968 when he stopped because of difficulty in breathing. There was testimony that his work in the mixing department involved exposure to "high boiling petroleum naphtha solvents", same having been used rather often prior to 1968, and that he handled carbon black, a substance containing carbon particles. He testified that he never had asthma as a child, as contended by appellants, and that his bronchial asthma condition started in 1961 when he began working for said employer. Appellants' medical consultant reported that claimant first became symptomatic in 1961 and later adopted the report during the course of his testimony. Dr. Shapiro, of the State Division of Industrial Hygiene, testified that petroleum naphtha solvents can cause acute bronchial symptomatology. Dr. Gelfand found that claimant had a very strong reaction to carbon black, establishing that the patient was sensitive to both contact and inhalation. He also testified that, although claimant has had asthma prior to being exposed in his occupation, he suffers from occupational asthma having been sensitized by various agents encountered in his occupation and that claimant's work for Rexon brought on and was the competent producing cause of said disease from which he found him to be suffering. Disability caused solely by aggravation of a pre-existing condition is compensable if the pre-existing condition is occupational in nature — if the particular exposure would initially cause such a disease were there no pre-existing condition, so as to establish occupational disease generally (*Matter of Oliveri* v. *Rudolph Faust, Inc.*, 33 A D 2d 1090, mot. for lv. to app. den. 26 N Y 2d 613). Although there was a conflict in medical testimony, there was substantial evidence upon which the board could conclude that the asthma was occupational in nature and that there was a recognizable link between claimant's bronchial asthmatic condition and his occupation. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.